## Cohen Estate

*Edward R. Taylor* and *Richard W. Spivak*, for exceptants.

*Frederick B. Smillie*, contra.

TAXIS, P. J., April 15, 1963.—In the petition for adjudication filed at the time of the original audit, the

executors requested permission to waive reimbursement for Federal estate taxes paid out of the testamentary estate, stating that they believe it ". . . to be to the advantage of the surviving spouse and decedent's children that the executors not be reimbursed and the payment of the said tax be considered an expense of the administration . . ." No additional facts were supplied, and no law justifying this action was cited, with the result that the court could not ignore the plain language of the Estate Tax Apportionment Act and denied the request.

An exception to this action was filed on March 21, 1963. It has now been argued and a memorandum of law submitted in support of the original request. For the first time, the following facts appear.

The estate tax liability in this estate results partly from the taxability of certain insurance policies which, however, passed outside of the testamentary estate. There were three such policies, one for each of decedent's minor children, Stephen Cohen and Susan Cohen, and a third of which the beneficiary was the surviving spouse, Marjorie Cohen. All three are payable entirely in monthly installments, for a period of 15 years.

Essentially, testator left his entire testamentary estate in trust for the benefit of his wife for her life or until she should remarry, with unconsumed principal ultimately payable to the children share and share alike. Thus, reimbursement would be for the benefit of Mrs. Cohen, as the additional principal would produce extra income for her, or would be available for her withdrawal.

It should also be noted that consents to the request of the executors from the two contingent beneficiaries in this estate, who are the brother and sister of testator, have now been submitted, but had not been submitted at the time of the audit. Therefore, all affected parties now consent, and this, plus the fact that the

two children, at least, would be hard pressed to make reimbursement from their available income, has convinced the court that the requested waiver should be granted.

Precedent for this action is supplied by Brown Estate, 12 D. & C. 2d 227, which was a prior determination of a like matter by this court. However, the primary reason for sustaining the exceptions to the adjudication is that apportionment would here be a harsh and inequitable burden upon the children of testator and all parties now consent to a waiver thereof. Had the court been in possession of the operative facts at the time of the adjudication, a proper result could have been reached there.

And now, April 15, 1963, the exception to the adjudication is sustained, and the request of the executors to waive reimbursement under the Estate Tax Apportionment Act of 1951 is granted.